**UNITED STATES of America,**

v.

**Maria HSIA, Defendant.**

**No. CRIM.98–0057I(PLF).**

United States District Court,
District of Columbia.

May 13, 2002.

Eric L. Yaffe, John M. McEnany, U.S. Department of Justice, Criminal Division, Washington, DC, for Plaintiff.

Nancy Luque, Rangeley Wallace, Reed, Smith, Shaw & McClay, L.L.P., Washington, DC, for Defendant.

*ORDER*

PAUL L. FRIEDMAN, District Judge.

Defendant Maria Hsia has filed a motion to extend the stay of her sentence and to request a hearing on her motion. The government opposes defendant's motion and has filed its own motion for a Court order directing Ms. Hsia to return from China immediately and to surrender herself to the Probation Office so that she can make arrangements to begin serving her sentence.

Defendant was sentenced to a term of three years probation with the first ninety days to be served in home detention with electronic monitoring. The ninety-day period of home detention is to be continuous, not intermittent, and the defendant is not permitted to leave the country during that period. *See* Transcript of February 6, 2001 Sentencing Hearing (Volume III) at 127–28; Transcript of February 7, 2001 Teleconference at 11–12.[1] Defendant moved for and was granted a stay of execution of her sentencing pending appeal. In an unpublished opinion issued on December 11, 2001, the court of appeals affirmed defendant's conviction on all counts. The court of appeals denied defendant's petition for rehearing and rehearing *en banc*, and also denied defendant's motion to stay the mandate. The mandate in her case issued on April 29, 2002. In her motion, defendant explains that she intends to file a petition for a *writ of certiorari* to the United States Supreme Court and therefore has moved for a stay of execution pending the resolution of her petition to the Supreme Court.

The Court denies defendant's motion for a stay of her sentence. The Supreme Court hears only a minuscule number of

---

1. The sentence also includes 250 hours of community service to be done in the United States after the period of home detention. *See* February 6, 2001 Transcript at 128.

cases each year, and so it is unlikely that it will grant *certiorari* in any one particular case. This defendant's chance of obtaining review is more remote because the court of appeals affirmed her conviction in an unpublished, unanimous opinion. Furthermore, the fact that the court of appeals already· has denied a similar request by defendant when it denied her motion to stay the issuance of the mandate supports this Court's conclusion that there is no reason to further delay the execution of defendant's sentence.

When the government filed its motion and opposition to defendant's motion, defendant was in China on business, and the Court understands that she still is in China. According to Pretrial Services she will return to the United States on Monday, May 13, 2002, and intends to return to China the following week. The Court therefore denies as moot the government's request that she be ordered to return to the United States immediately, but once Ms. Hsia returns to the United States, she may not leave the country. Accordingly, it is hereby

ORDERED that defendant's motion to extend stay of execution of sentence and request for hearing is DENIED; it is

FURTHER ORDERED that the government's motion for an order to surrender is GRANTED in part and DENIED in part. Because Ms. Hsia will return from China on May 13, 2002, the government's request for an order requiring her to return to the United States immediately is DENIED as moot. After the defendant returns to the United States, she is not permitted to leave the country.

FURTHER ORDERED that within 15 days of this order, Ms. Hsia shall report in person to the Probation Office in Washing-ton, D.C. to make arrangements for serving her sentence.

SO ORDERED.